UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-cr-101(2) (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| 2. BRENDAN LUMBERT, | |
| Defendant. | |

Brendan Lumbert is charged with one count of aiding and abetting production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e). (Dkt. No. 12.) During a meeting between law enforcement and Mr. Lumbert on April 7, 2022, Mr. Lumbert made statements the government seeks to introduce against him at trial. Officers also reviewed the contents of Mr. Lumbert's cellular phone during that encounter and found incriminating evidence. Following his arrest, officers conducted a custodial interview of Mr. Lumbert at a police station on May 26, 2022, during which Mr. Lumbert made additional inculpatory statements.

Mr. Lumbert moved to suppress evidence obtained as a result of the search of his cellular phone and the statements he made on both April 7, 2022 and May 26, 2022. He argued that he did not voluntarily consent to the search of his phone and his April 7th statement was involuntary. The May 26th statements were also involuntary, he argued, and he did not provide a knowing and intelligent waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). (Dkt. Nos. 119, 120.) United States Magistrate Judge Dulce J. Foster held a hearing on Mr. Lumbert's suppression motions on May 8, 2025 (Dkt. No. 136), and issued a Report and Recommendation ("R&R")

addressing those motions on August 13, 2025 (R&R, Dkt. No. 154).[1] Judge Foster concluded that Mr. Lumbert's consent to the search of his phone and his statements to law enforcement on April 7, 2022 were voluntary. Judge Foster also found that Mr. Lumbert did not provide a knowing and intelligent waiver on May 26th. As a result, Judge Foster recommended that the motion to suppress evidence be denied and the motion to suppress statements be granted in part. Both Mr. Lumbert and the government have objected to the R&R. Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b)(1).

A magistrate judge may conduct evidentiary hearings and submit proposed findings of fact and recommended dispositions on motions to suppress evidence. 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). The district court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); D. Minn. LR 72.2(b). When conducting such a review of an R&R after the magistrate judge holds an evidentiary hearing, the district court must review the evidence admitted at that hearing, including any transcript of the testimony of witnesses and any video or audio recordings. *See United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008); *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995); *United States v. Benitez*, 244 F. App'x 64, 66 (8th Cir. 2007)).

Having conducted the required de novo review in this matter,[2] the Court overrules the parties' objections to the R&R and accepts Judge Foster's recommended disposition of the suppression motions in full, with one caveat. With respect to the search of the phone, the Court agrees with Judge Foster's conclusions that Mr. Lumbert voluntarily consented to the law enforcement's examination of its contents. The Court also agrees with Judge Foster's conclusion

---

[1] The lengthy pretrial period in this case is the result of proceedings to determine Mr. Lumbert's competence to stand trial. (R&R 10.)

[2] The Court has reviewed the exhibits that were offered and admitted into evidence at the suppression hearing, including the government's Exhibits 1–9 and the defense Exhibits 1, 2, and 5–7.

that his statements to law enforcement on April 7, 2022 were voluntary. Mr. Lumbert's objections do not persuade the Court that suppression should be required in either context.

With respect to the statements Mr. Lumbert provided on May 26, 2022, the Court again agrees with Judge Foster's determinations that (1) Mr. Lumbert's statements were not involuntary because they were not the product of coercive police conduct; but (2) his statements should nevertheless be suppressed because he did not provide a knowing and intelligent waiver of his rights under *Miranda*. Mr. Lumbert's objections to the voluntariness inquiry do not identify any coercive police conduct that would support a motion to suppress. And the Court disagrees with the government's criticism of Judge Foster's reliance on the testimony of Mr. Lumbert's expert that informed the conclusion that he did not provide a knowing and intelligent waiver. The evidence in the record amply supported Judge Foster's conclusion and the Court agrees with it without reservation.

The Court makes a final observation about the scope of the suppression it orders. In *Harris v. New York*, 401 U.S. 222, 224–25 (1971), the Supreme Court held that, although a statement taken in violation of *Miranda*'s protections cannot be used in the government's case in chief, it can be used for impeachment purposes if the defendant takes the stand. Here, because the Court finds that the statement was made voluntarily, its use for impeachment purposes is not precluded by this Order. The Court leaves for another day the question of whether a statement taken in violation of *Miranda* can play any role in refuting Mr. Lumbert's potential insanity defense.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The parties' objections to the R&R (Dkt. Nos. 158, 159) are **OVERRULED**.

2. The R&R (Dkt. No. 154) is **ACCEPTED**.

3. Mr. Lumbert's motion to suppress statements (Dkt. No. 119) is **DENIED** as to his statements on April 7, 2022 and **GRANTED** as to his statements on May 26, 2022, as provided in this Order.

4

4. The motion to suppress evidence (Dkt. No. 120) is **DENIED**.

Date: October 9, 2025

                                                    *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States District Judge